Battle, J.
 

 The only question presented in the bill of exceptions is, whether the plaintiff was entitled to recover, without showing that he had given the defendant notice to quit, or had demanded the possession of him before commeno ing his suit. A notice to quit, or demand of possession, can never be necessary, unless the party claiming it entered into possession, as a tenant of some kind to the lessor of the plaintiff. Here, the defendant entered under the authority of John L. Bitting, who claimed as
 
 a pu/rchaser,
 
 and not as a tenant of any kind. The entry, unfortunately for the defendant, was made before his landlord had obtained a conveyance of the title, and, so far as we can see, before he had paid the purchase money. It does not appear that ho entered with the consent of the vendor, so as to make him a
 
 quasi
 
 tenant at will, according to the cases of
 
 Jones
 
 v.
 
 Taylor,
 
 1 Dev. 434;
 
 Walton
 
 v.
 
 File,
 
 1 Dev. and Bat.
 
 567.
 
 He was, therefore, in law,(a trespasser, and might be so treated, by the person in whom
 
 *387
 
 was tlie legal title, bringing an action of ejectment against him. Not being a tenant for years, or from year to year, or at will, or even by sufferance, there can be no pretence, that a notice to quit or demand of possession should be shown, before the suit was brought.
 

 The judgment of nonsuit must be reversed, and judgment must be entered on the verdict, in favor of the plaintiff.
 

 Per Curiam.
 

 Judgment reversed, and judgment entered for the plaintiff.